

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

May 10, 1961

Mr. George William Fryer
County Attorney
Freestone County
Fairfield, Texas

Dear Mr. Fryer:

Opinion No. WW-1051

Re: Whether the County Commis-
sioners' Court is legally
obligated to insure and pay
insurance premiums to pro-
vide hospitalization insur-
ance to the county school
superintendent.

     You have requested our opinion as to whether the
Commissioners' Court is legally obligated to provide hospi-
talization insurance to the County Superintendent. Further,
if such expenditures are legal, you are desirous of knowing
whether the Commissioners' Court may be compelled to make
the same.

     House Bill 838, Acts of the 56th Legislature,
Regular Session, 1959, Chapter 268, page 585, codified as
Article 2372h-2, Vernon's Civil Statutes, reads as follows:

> "The Commissioners Court of any
> county may adopt any insurance plan,
> as they deem necessary, to provide
> hospitalization insurance to any coun-
> ty official, deputy, assistant, and/or
> any other county employee. Acts 1959,
> 56th Leg., p. 585, ch. 268, § 1."

     Apparently, it is through the authority given by
this statute that the County Commissioners' Court of Free-
stone County has adopted the hospitalization insurance plan
under which the County Superintendent seeks insurance
coverage. The controlling issue is the county employment
status of the County Superintendent. Is he a county official,
deputy, assistant, and/or any other county employee?

     The county school systems have various methods of
paying County School Superintendent's salaries and expenses
under Article 2700, Vernon's Civil Statutes, and in no

instance are they paid by the Commissioners' Court. The Commissioners' Court has no control over the selection, pay, or duties of the County School Superintendent of Public Instruction. Such an official is paid through Available School Funds. The salaries and duties are prescribed by the State Legislature.

Article 2693, Vernon's Civil Statutes, describes the general duties of the County School Superintendent as follows:

> "The county superintendent shall approve all vouchers legally drawn against the school fund of his county. He shall examine all the contracts between the trustees and teachers of his county, and if, in his judgment, such contracts are proper, he shall approve the same; provided, that in considering any contract between a teacher and trustees he shall be author- ized to consider the amount of salary promised to the teacher. He shall dis- tribute all school blanks and books to the officers and teachers of the public schools, and shall make such reports to the State Superintendent /State Commis- sioner of Education7 as may be required by that officer. He shall discharge such other duties as may be prescribed by the State Superintendent. Acts 1905, p. 263."

Article 2690, Vernon's Civil Statutes , is of the same general tenor. While the County School Superintendent is elected by eligible voters of his county, he is in fact an officer of the State. Webb County v. Board of School Trustees, 95 Tex. 131, 65 S.W. 878 (1901). In this case the court held that the County School Superintendent, in the per- formance of his duty to apportion the school fund, is not subject to the jurisdiction of the Commissioners' Court, but to the State Superintendent.

As the County School Superintendent renders no services to the county as such, receives no salary from the

county and is not subject to the jurisdiction of the Commissioners' Court, he is not in fact a county official, deputy, assistant, and/or other county employee within the meaning of Article 2372h-2, Vernon's Civil Statutes. Therefore it is our opinion that the Commissioners Court of Freestone County is not legally obligated to provide hospitalization insurance to the County Superintendent.

In view of our answer to your first question, it is not necessary for us to answer the remaining questions.

## S U M M A R Y

Since the County School Superintendent of Public Instruction is not included in the county officials and employees provided for in Article 2372h-2, Vernon's Civil Statutes, the commissioners Court is not legally obligated to provide hospitalization insurance to him.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Sam A. Woodward
Sam A. Woodward
Assistant

SAW:afg:cm

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

L. P. Lollar
Mary K. Wall
F. C. Jack Goodman
William H. Pool, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY: Morgan Nesbitt